No. 15964—Calvin C. Rutledge v. The State Medical Board of Ohio. Error to the Court of Appeals of Wood county.

APPEALS—(1) From medical board—Right to does not fail because mode of not provided—(2) Error to dismiss without a hearing.

MARSHALL, C. J.:

1. Section 1276, General Code, grants the right of appeal from certain orders of the state medical board, but does not define the procedure for perfecting such appeaal. The right to appeal thus conferred is a substantial right which does not fail because of the failure to provide the mode of perfecting it.

2. Where a party desires to appeal and files in the court of of common pleas of the county of his residence a petition alleging his grievance against the board and demanding a certification of the papers and records to that court, it is error to dismiss his proceeding without a hearing upon the claim so appealed.

Judgment reversed.

Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur. Clark, J., took no part in the consideration or decision of the case.

---

No. 98

CIANO v. STATE

Ohio Supreme Court, No. 17194, May 31, 1922
For Full Opinion See 105 OS. 229

INTOXICATING LIQUORS—(1) Evidence—(2) General objections—(3) Evidence unlawfully seized—(4) Objection must be made before trial.

Epitomized Opinion

Error, Tuscarawas County Court of Appeals

Ciano was arrested at the time the sheriff searched his residence, finding in one part of the basement raisin wine containing eleven per cent alcohol. In another part of the basement there was stored 76 cases of raisins belonging to the owner of a fruit store, he paying rent for the part of the basement used by him. In the same room was found a fruit press and utensils for the manufacture of fruit juices. There were two persons who boarded with Ciano at and prior to the search. On the trial, the articles seized on the search were admitted in evidence over a general objection of the defendant, who contended that these articles were unlawfully obtained, as his house was a private dwelling and the state had not proved a sale made by him after the fruit juices had become intoxicating; that this evidence being illegally obtained could not be used as evidence. Ciano was convicted. The court of appeals affirmed and the supreme court held:

(1) That under the facts the trial court was justified in finding that Ciano's house was not a bona fide private residence.

(2) That a general objection to the evidence on the trial only raised the competency is illegally obtained the accused must make application to the court, before trial, asking its return.

Attorneys—E. E. Lindsay and J. F. Green, for Ciano; R. C. Bowers, J. A. White, Tarhart, for State.

---

FEDERAL CASES

(Continued from Page 133)

void. She is not a designated beneficiary. The court held:

(1) That as the government was one party to the contract, being both law maker and insurer, the government may increase the classes of beneficiaries, so that the contract will conform to the true intent of the parties. The claim of vested right cannot be supported to do wrong, and violate the intent of the insured.

(2) That the will made under war circumstances was a valid designation of a beneficiary.

Attorneys—Robert Black, of Cincinnati, for plaintiff; Thomas H. Morrow, U. S. Atty., of Cincinnati, and E. H. Horton, Washington, for U. S.; Walter W. Helmholz, of Cincinnati, and Page & Hunt, of Los Anegeles, for other defendants.

---

UNITED STATES v. REMUS, et al.

U. S. District Court, S. D. Ohio W. D., No. 2142, Decided April 25, 1922

LIQUOR LAW—(1) Special tax S. 3244 repealed as to beverage liquors—(2) Sufficiency of indictment.

PECK, D. J.:

Epitomized Opinion

An indictment was found against Remus, et al., for carrying on the business of a wholesale and of a retail liquor dealer, and of a rectifier during two years, without payment of special tax, provided in S. 3244. On demurrer to the indictment it was held.

That the 18th amendment and the national prohibition act repeals Sec. 3244, so far as it had applied to liquors for beverage purposes, but is still in effect as to liquors for non-beverage purposes.

The charge as contained, for violation and non-payment of tax, under Sec. 3244, will not sustain a charge of violation of national prohibition act.

Attorneys—Thomas H. Morrow, U. S. Atty., and R. T. Dickerson, Asst., of Cincinnati, for the U. S.; J. J. Kilgariff, of Cincinnati, and E. N. Zoline, of New York City, for defendant.