SLAUGHTER v. THE STATE OF OHIO.

*Intoxicating liquors—Jurisdiction—Common pleas "court" or "judge"—Section 6212-18, General Code—Venue sufficiently stated in affidavit, when.*

1. The words "common pleas judge" in Section 6212-18, General Code, mean common pleas court.
2. The venue of an offense is sufficiently stated if in the caption of the affidavit the name of the county appears and the affidavit charges that the crime was committed "at the county aforesaid."

(Decided April 4, 1924.)

ERROR: Court of Appeals for Athens county.

*Messrs. Woolley & Rowland,* for plaintiff in error.

*Mr. R. W. Finsterwald,* prosecuting attorney, for defendant in error.

SAYRE, J.   The decision in this case is by agreement to be the decision in eighty-one other cases in which the plaintiff in error and others have been convicted by the Court of Common Pleas of Athens county of the illegal sale and possession of intoxicating liquors.

The record shows that the prosecution was commenced in the Court of Common Pleas by filing an affidavit in such court, that no indictment was returned against the plaintiff in error, and that he was tried, convicted and sentenced by the Court of Common Pleas.

Jurisdiction to try persons for the unlawful sale and possession of intoxicating liquors is conferred

by Section 6212-18, General Code, a part of which reads:

"Any justice of the peace, mayor, municipal or police judge, probate or common pléas judge within the county with whom the affidavit is filed charging a violation of any of the provisions of this act, when the offense is alleged to have been committed in the county in which such mayor, justice of the peace, or judge may be sitting, shall have final jurisdiction to try such cases upon such affidavits without a jury, unless imprisonment is a part of the penalty * * *. And in any such cases where imprisonment is not a part of the penalty, the defendant cannot waive examination nor can said mayor, justice of the peace, or judge recognize such defendant to the grand jury; nor shall it be necessary that any information be filed by the prosecuting attorney or any indictment be found by the grand jury."

It is claimed on behalf of plaintiff in error that in view of the language of such section the Court of Common Pleas had no jurisdiction to try defendant without an indictment, and that jurisdiction is not conferred by Section 6212-18 upon Common Pleas Courts, but only upon Common Pleas Judges.

The distinction between Common Pleas Courts and Common Pleas Judges is recognized by our State Constitution (Article IV, Section 4) and by decisions of the Supreme Court, one of the latest, if not the latest, being *State, ex rel. Hawke,* v. *Le Blond,* 108 Ohio St., 126, where the opinion (page 132) uses the following language:

"The terms 'court' and 'judge' are sometimes

used interchangeably and synonymously, but they are never technically the same in meaning.''

A striking illustration of the interchangeable use of the terms by our Legislature will be found in Sections 13558 and 13559. In the former section it is provided that ''the grand jurors, after being sworn, shall be charged as to their duty by the *judge*,'' while the next section, 13559, begins: ''After the charge of the court  *  *  *.''

Undoubtedly the Legislature meant that the charge given to the grand jurors should be the charge of the court, and in Section 13558 the term ''judge'' means court.

Does the term ''common pleas judge'' in Section 6212-18 mean the officer who presides over the tribunal known as the Court of Common Pleas or the tribunal itself? Little light is thrown on the matter by the language of the section except that the phrase, ''nor shall it be necessary that  *  *  * any indictment be found by the grand jury,'' does indicate to some extent at least what was meant. If it was intended in Section 6212-18 that the Common Pleas Judge, and not the Common Pleas Court, should have jurisdiction, then such language would be wholly unnecessary, since a Common Pleas Judge has no power or duty in regard to grand juries or indictments. A Common Pleas Judge cannot impanel a grand jury or charge it, or receive an indictment, or pass upon it in any way. Only the Common Pleas Court can do those things. So if Section 6212-18 confers jurisdiction upon Common Pleas Judges the phrase referred to is wholly unnecessary and mere surplusage. If such section confers jurisdiction upon Common Pleas Courts, and not upon Common Pleas Judges,

then such phrase is an, essential part of the section and its meaning is clear and definite. Now since a construction of the section that will harmonize all the language thereof and make it clear and understandable, as against one which results in treating part of the language as serving no purpose whatever, will result in the conclusion .that the Legislature meant by the language used in Section 6212-18 to confer jurisdiction upon Common Pleas Courts and not on Common Pleas Judges, we feel constrained to adopt such construction.

Besides, it would seem that this question is decided in the case of *Ciano* v. *State of Ohio*, 105 Ohio St., 229. In that case the plaintiff in error was convicted by the Court of Common Pleas of a violation of Section 6212-16, General Code, and the conviction was affirmed by the Court of Appeals and the Supreme Court. The plaintiff in error in the case under consideration was convicted of a violation of Section 6212-15. Now Section 6212-18 confers jurisdiction to try persons for the violation of both Sections 6212-15 and 6212-16. While not a word is said in *Ciano* v. *State* about jurisdiction, yet we take it that the court must have considered the question, since an affirmance by the court of last resort of a judgment of a trial court without jurisdiction in a criminal case would be an unusual proceeding. Indeed, it would seem that in such case the question of jurisdiction over the subject-matter would always be in issue, whether raised by counsel or not.

In some of the cases which are to be decided by

the decision in this case the affidavits read in part as follows:

"State of Ohio, Athens County, ss.:

"Before me, L. G. Worstell, Judge of the Common Pleas Court, Athens County, Ohio, personally came R. W. Finsterwald, who being duly sworn according to law deposes and says that on or about the 26th day of January, 1924, at the county of Athens aforesaid, one John Naughten did unlawfully possess intoxicating liquors, to-wit: * * *."

An affidavit in substantially the same form was held bad in *Goldsmith* v. *State*, 13 C. C. (N. S.), 148. But we are unable to agree with the holding in that case because the venue of the offense in the affidavit there under consideration is, in our judgment, plainly and clearly stated. The "county aforesaid" does not and could not mean other than Hamilton county, Ohio. The case of *Knight* v. *State*, 54 Ohio St., 365, is given as authority for the holding in *Goldsmith* v. *State*, but there is nothing in the former case to support the conclusion in the latter.

*Judgment affirmed.*

MIDDLETON, P. J., and MAUCK, J., concur.