Hart, J.
This action is predicated upon the provisions of Section XXII of the Mentor Township Zoning Resolution and Sections 519.23 and 519.99, Revised Code. The pertinent part of section XXII of the zoning resolution provides as follows:
“1. It. shall be unlawful to construct, reconstruct, enlarge, change, maintain or use any'building or to use any land in violation of any regulation or any provision of this resolution or-any amendment thereto.
“Any person, firm or corporation violating this resolution or any regulation, provision or amendment thereto shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than one hundred dollars ($100). Each and every day during which such illegal erection, construction, *484 reconstruction, enlargement, change, maintenance or use continues may be deemed a separate offense.”
The validity of this section is doubtful for the reason that the zoning statutes of the state do not give township trustees or zoning authorities any power to enact penal measures for the enforcement of zoning resolutions, and for the further reason that the section in question makes the violation of any provision of the resolution a misdemeanor.
However, Section 519.23, Revised Code, provides as follows :
“No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any Board of Township Trustees under Sections 519.02 to 519.25, inclusive, of the Revised Code. Each day’s continuation of a violation of this section may be deemed a separate offense.”
And Section 519.99, Revised Code, provides a penalty as follows:
“Whoever violates Section 519.23 of the Revised Code shall be fined not more than one hundred dollars.”
The affidavit upon which this case is predicated is as follows:
“* * * on or about the 24th day of May 1954, at the county of Lake aforesaid, one R. C. Pierce did unlawfully use certain land in Mentor Township, Ohio, to wit: Property of The Baltimore & Ohio Railroad Company standing in the deed records of Lake County, Ohio, in the name of the Real Estate & Improvement Company of Baltimore City and more particularly that part of said land which borders on the Mentor Harbor Lagoon, in violation of a zoning resolution of Mentor Township, Lake County, Ohio, and in violation of Section 519.23 of the Revised Code of Ohio.”
Again, it is doubtful whether such affidavit is sufficiently definite to properly describe any offense. In effect, the charge is that the defendant unlawfully used certain real estate in violation of a zoning resolution and in violation of a statute which makes it an offense to maintain a building or to use land in violation of any resolution adopted by any Board of *485 Township Trastees pursuant to the provisions of pertinent zoning statutes. The affidavit wholly fails to specify any act of the defendant which was specifically forbidden by the zoning resolution in question. However, the defendant went to trial under the affidavit without objection to it, and any infirmity was thereby waived. City of Cincinnati v. Schill, 125 Ohio St., 57, 180 N. E., 545 ; Ciano v. State, 105 Ohio St., 229, 137 N. E., 11.
It is stipulated that the property in question is classified by the zoning resolution as residential property. It is stipulated further that the land referred to “has been used for boating, fishing and hunting for a period prior to November 10, 1949, the same being the effective date of said zoning resolution, and that said use has been continued in said area since 1949, for said purposes without objection by the owners of record title.” In this connection, it is important to note that section VI of the zoning resolution provides:
“1. A nonconforming use existing at the time this resolution takes effect may be continued, except that if it is voluntarily discontinued for two (2) years or more, it shall then be deemed abandoned and any further use must be in conformity with the uses permitted in such district.”
The defendant claims that, since the premises in question were before and had been since the resolution became effective used by the owners for a nonconforming purpose under the resolution, a continuance of such use was permissible under the provisions thereof. The state claims, however, that these hunters, fishermen, and boatmen coming upon the property were trespassers, and that the acts of trespassers could not and did not establish a nonconforming use as to which a subsequent purchaser can claim protection under the terms of the resolution. Here, it might be suggested that if the presence and actions of these persons coming upon the property did not constitute a use of the premises, then it is difficult to see how their presence and actions would constitute a violation of the zoning resolution.
However, the state admitted at the trial and still admits that many people through the years had come upon this property for the purposes of hunting, fishing and boating, and that the railroad company, owners of the property, made no effort to keep them off. Throughout the trial, the state made no proof *486 that these persons were technical trespassers. On the contrary, the record shows that the public generally assumed the right, as a long recognized custom, to enter upon the premises for the recreational purposes named, without disapproval or complaint from the owners.
Under such circumstances these persons were not trespassers but licensees. A licensee is one who stands in no contractual relationship to the owner or occupier of premises, but is permitted or tolerated thereon, expressly, impliedly or inferentially, merely for his own interest, convenience or pleasure. Foley v. H. F. Farnham Co., 135 Me., 29, 188 A., 708; Schock v. Ringling Bros., 5 Wash. (2d), 599, 105 P. (2d), 838; Keesecker, a Minor, v. G. M. McKelvey Co., 141 Ohio St., 162, 166, 47 N. E. (2d), 211; Adams, Admr., v. American Enka Corp., 202 N. C., 767, 164 S. E., 367.
The record does not show that the zoning authorities or the zoning inspector had made any objection to the use to which the premises had been or were being devoted. In fact, the zoning inspector himself, as the prosecuting witness, admitted on cross-examination that he had, without specific permission, frequently fished, like others, on these premises. Incidentally, we do not believe that the fact that the use of the premises on the day of the defendant’s arrest was permissive rather than acquiescent made any change in the character of the use. It is the view of this court that under these circumstances there was established a nonconforming use which would, under the zoning resolution, protect the defendant caretaker from prosecution under the charge here made.
The Court of Appeals, in affirming the judgment of the Municipal Court of Painesville in this case, held without written opinion that, since the defendant had failed to exhaust his legal remedies in connection with the use of the premises in question by making application to use the premises for a nonconforming purpose, the trial court committed no error prejudicial to the defendant, and stated that the court’s affirmance was predicated on the rule announced in the case of People v. Calvar Corp., 286 N. Y., 419, 36 N. E. (2d), 644, 136 A. L. R., 1376.
In that case the court held that, where a zoning ordinance of a town provided for a board of appeals with power to vary *487 regulations and authorize the issuance of temporary conditional permits for structures and uses in contravention of the requirements of the ordinance, conviction of the owner of the premises for violating the ordinance should be affirmed, as against a contention that the ordinance deprived the owner of the property without just compensation, in the absence of a showing that an application was made to the board of appeals for a permit for a nonconforming use of the property in question or that such application was denied, since there was no “deprivation” of property until an application was made and unreasonably denied.
It is the view of this court that that case has no application to the issues in the case at bar. The defendant here is not claiming, as a defense, that his constitutional rights of property are being denied him through the operation of the zoning resolution. He is not attacking the constitutionality of the resolution, but is claiming that he is being denied the defense of the right of a nonconforming use of the property, which is authorized and provided by the resolution itself. In other words, where a use exists at the time a zoning resolution or ordinance takes effect, which makes such use nonconforming and does not provide for an application to continue such use, such use may be continued under the terms of the ordinance or resolution, and a permit to continue such nonconforming use is not required. Dorman v. Mayor and City Council of Baltimore, 187 Md., 678, 51 A. (2d), 658; Amereihn v. Kotras, 194 Md., 591, 71 A. (2d), 865. In a prosecution for the violation of any zoning ordinance, the burden is on the zoning authority to show that the defendant does not come within any exception in the ordinance. Village of Strongsville v. McPhee, 142 Ohio St., 534, 53 N. E. (2d), 522.
The judgment of the Court of Appeals is reversed, and, since there is no dispute as to the facts involved, this court will render the judgment which the Court of Appeals, should have rendered. The judgment of the Municipal Court of Painesville is reversed, and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Taft, JJ., concur.