THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

[Cite as State v. Davis, 1 Ohio St. 2d 28.]

(No. 38824—Decided December 29, 1964.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. James A. Pearson*, for appellee.

*Mr. William J. Lohr*, for appellant.

TAFT, C. J. On the foregoing facts, it is apparent that the search of defendant's room and the seizure of the three suits was unreasonable. *Stoner* v. *California*, 376 U. S., 483, 11 L. Ed. (2d), 856, 84 S. Ct., 889; *Preston* v. *United States* (1964), 376 U. S., 364, 11 L. Ed. (2d), 777, 84 S. Ct., 881.

Defendant contends that *Mapp* v. *Ohio* (1961), 367 U. S., 643, 6 L. Ed. (2d), 1081, 81 S. Ct., 1684, requires this court to reverse his conviction because those suits were erroneously admitted in evidence against him.

However, footnote 9 to the majority opinion in *Mapp* states:

"As is always the case * * *, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

Prior to *State* v. *Lindway* (1936), 131 Ohio St., 166, 2 N. E. (2d), 490, Ohio followed the exclusionary rule now imposed upon it by *Mapp*. *Nicholas* v. *City of Cleveland* (1932), 125 Ohio St., 474, 182 N. E., 26. Paragraph five of the syllabus of the latter case inferentially recognizes a motion before trial to suppress illegally seized evidence as a procedural prerequisite to preventing its use against an accused. Likewise, paragraph one of the syllabus in *Ciano* v. *State* (1922), 105 Ohio St., 229, 137 N. E., 11, reads:

"Upon the trial of a criminal prosecution, a general objection to the introduction of evidence obtained by search and seizure raises no question other than that of the competency, relevancy and materiality of the evidence tendered, and the court is not required to then examine the collateral question of the regularity of the proceeding whereby such evidence came into the possession of the prosecution."

This accords with the rule "in most jurisdictions * * *

that, as a general proposition subject to certain limitations, an objection to evidence as obtained by an unlawful search and seizure comes too late where it has been made the first time at the trial, and not by a pre-trial motion to return the property or suppress the evidence." Annotation, "Modern Status of Rule Governing Admissibility of Evidence Obtained by Unlawful Search and Seizure," 50 A. L. R. (2d), 531, 584.

The reason usually advanced for this rule "is that the trial court should not be required to stop during the course of a trial to determine a collateral issue as to legality of the means by which the prosecution obtained its evidence." *Ibid.*, 585.

Another reason for the rule is that the failure of a defendant to object to such illegally acquired evidence as soon as he can may reasonably lead the prosecutor to believe that defendant has no objection to such illegally acquired evidence. As a result, the prosecutor may reasonably rely upon such evidence as sufficient to establish a defendant's guilt instead of going to considerable trouble and expense to have available at the trial other evidence which could be offered against a defendant but which would be wholly unnecessary if the defendant was not going to object to the illegally acquired evidence.

In our opinion, protection of a defendant does not require giving him such a procedural advantage over the state. Cf. *State* v. *Glaros* (1960), 170 Ohio St., 471, 166 N. E. (2d), 379, where a defendant was not permitted to rely upon an error which counsel for the defendant could have called but did not call to the court's attention at a time when such error might have been avoided or corrected.

In the instant case, no objection to the use of either the suits or defendant's confession was made prior to trial. During trial, testimony from witnesses concerning the suits, including identification, was received without objection. Defendant's counsel cross-examined the witnesses who gave such testimony and cross-examined them as to identification of the suits.

The first suggestion that some objection might be made to the suits as evidence came while counsel for defendant was cross-examining the fifth and last witness for the state about the search and the trial court asked counsel whether he was filing a motion to suppress evidence. At that time, the prose-

cutor immediately pointed out that any such motion should have been made before trial.

The first objection to admission of the suits in evidence was made by defendant's counsel when they were offered as exhibits at the conclusion of the state's case.

No evidence was offered on behalf of the defense.

In the instant case, we do not have a situation where the accused or his counsel did not have knowledge of everything about the claimed illegal seizure of the suits in ample time to file a pretrial motion for their suppression as evidence. Cf. *Gouled* v. *United States* (1921), 255 U. S., 298, 65 L. Ed., 647, 41 S. Ct., 261, annotation, 50 A. L. R. (2d), 531, at 587. Hence, we are of the opinion, that, by failing to object to admission of the suits before trial on the ground of their illegal seizure, defendant waived his right to object to their admission in evidence against him.

There is another reason why the judgment of conviction should not be reversed. As stated by Duffey, J., in the opinion of the Court of Appeals:

"In this case no objection was made to the testimony of the witnesses with respect to the suits. In view of the very completeness of that testimony and the unobjected showing of the exhibits to the jury on repeated occasions and the lack of any defense by the defendant, the mere acceptance of the exhibits into evidence at the close of the case could not, in our opinion, have affected the result."

It is apparent, therefore, in the instant case, that, to use the words of Mr. Chief Justice Warren in *Fahy* v. *Connecticut*, 375 U. S., 85, 11 L. Ed. (2d), 171, 84 S. Ct., 229, there is no "reasonable possibility that" the mere admission of those suits in evidence, which is all that was objected to by defendant and his counsel, "might have contributed to the conviction" of defendant. In other words, it cannot be said that defendant may have been prejudiced by the erroneous admission of those suits in evidence. See *State* v. *Waldbillig*, 1 Ohio St. 2d, 50; Section 2945.83, Revised Code.

As to the confession, the only objection to its admission was on the specific ground that it was "not a voluntary statement." There was no evidence to support a conclusion that

it was not a voluntary statement. Therefore, the trial court did not err in overruling that objection. Having specified an invalid ground for his objection, the defendant cannot, after the trial, successfully maintain that the court erred in overruling the objection by relying upon a valid ground therefor which was not called to the court's attention at a time when such error could have been avoided and corrected. *Adams* v. *State* (1874), 25 Ohio St., 584, *Rhoades* v. *City of Cleveland* (1952), 157 Ohio St., 107, 105 N. E. (2d), 2, *State* v. *Glaros, supra.*

It follows that the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, GRIFFITH and HERBERT, JJ., concur.
O'NEILL and GIBSON, JJ., dissent.