THE STATE OF OHIO, APPELLEE, *v.* CARTER, APPELLANT.

(No. 69-459—Decided March 18, 1970.)

*Mr. Harry Friberg,* prosecuting attorney, *Mr. James E. McCormick* and *Mr. John W. Winn, Jr.,* for appellee.

*Mr. James Slater Gibson* and *Mr. Paul J. Leahy,* for appellant.

*Per Curiam.* Appellant raises nine assignments of error.

Appellant's first three assignments of error concern the overruling by the trial court of a motion to suppress certain evidence allegedly obtained by the police through unlawful methods.

Inasmuch as the record clearly indicates that appellant and his counsel knew about the circumstances under which the evidence was obtained in ample time to prepare and file a pretrial motion to suppress the evidence in question, but did not do so, these assignments of error will not be considered by this court. *State* v. *Davis* (1964), 1 Ohio St. 2d 28.

Appellant's fourth assignment of error is that he was required by the trial court to submit to a psychiatric examination at Lima State Hospital, prior to trial, without his consent, and without benefit of counsel, upon an unverified motion filed by the prosecutor alleging that the "defendant may not now be sane." It appears that appellant's detention in Lima was unlawful under this court's holding in *State, ex rel. Smilack,* v. *Bushong* (1953), 159 Ohio St. 259, and that a writ of habeas corpus could have been obtained to secure his release from Lima. However, the unlawful confinement had ceased by the time this cause came to trial, and it appears that the results of the psychiatric examination were not in any way used at the trial.

In order for an error on the part of the trial court to warrant reversal of a criminal conviction, such error must have prejudiced the defendant. Section 2945.83, Revised Code; *State* v. *Huffman* (1936), 131 Ohio St. 27. Under the

214

record before us we are convinced that no prejudice occurred to appellant, at trial, from his unlawful pretrial confinement.

Appellant's seventh assignment of error is two-pronged:

First. Appellant argues that he was denied the right to challenge certain prospective jurors for cause when they indicated a reluctance to show mercy.

The record discloses that appellant failed to exercise all of his peremptory challenges at the time the jury was empaneled. Thus, he acquiesced in the jury that was finally selected, and is precluded from raising that issue at this time. *State* v. *Eaton* (1969), 19 Ohio St. 2d 145.

Second. Appellant argues that the state was allowed the right to challenge certain prospective jurors for cause merely because they indicated a reluctance to exact the death penalty.

The record does not support this contention. With respect to all of the state's successful challenges for cause on this ground the requirements of Section 2945.25, Revised Code, and *Witherspoon* v. *Illinois* (1968), 391 U. S. 510, were met. See *State* v. *Pruett* (1969), 18 Ohio St. 2d 167; *State* v. *Wigglesworth* (1969), 18 Ohio St. 2d 171; *State* v. *Eaton, supra* (19 Ohio St. 2d 145).

Appellant's eighth assignment of error is that the death penalty constitutes a cruel and unusual punishment. This court has recently determined that, as a punishment for the crime of murder in the first degree, it does not. *State* v. *Crampton* (1969), 18 Ohio St. 2d 182.

Appellant's fifth, sixth, and ninth assignments of error are concerned with the weight and sufficiency of the evidence and are not well taken.

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

MATTHIAS, J., not participating.