## State
### v.
## Hohman
*[Cite as 2 AOA 255]*

Case No. CA-89-9
Morgan County, (5th)
Decided March 23, 1990

R.C. 2907.05, Evid. R. 803(2)

For Plaintiff-Appellee: Richard L. Ross, 70 W. Main Street, McConnelsville, OH 43756.

For Defendant-Appellant: Evin Van Horn, 47 North 4th Street, Zanesville, OH 43702.

SMART, J,
This is an appeal from judgment of the Court of Common Pleas of Morgan County, Ohio, convicting and sentencing defendant-appellant Gregory Hohman (appellant) for violation of R.C. §2907.05(A) (3), gross sexual imposition, after a jury trial.

At trial, the State theorized that during a family reunion appellant sexually abused his three-year-old niece by inserting his index finger into her vagina. Several days after the incident, the child reported it to her mother. The child's father and another uncle confronted the appellant, who allegedly admitted what had happened. The brothers made a "citizen's arrest," handcuffed and subdued appellant, and took him to the Columbus Police Department. There, a Detective advised appellant of his *Miranda* rights. Appellant responded that he wanted an attorney present, then asked the Detective what the penalty was for the offense of which he was accused. Appellant spoke at length to the Detective, alternately admitting and denying that he had touched the child.

Appellant assigns two errors to the trial court:

*ASSIGNMENT OF ERROR NO. I.*
THE ADMITTANCE OF THE VICTIM'S HEARSAY STATEMENT WAS ERROR AND VIOLATED THE DEFENDANT'S RIGHT OF CONFRONTATION THEREBY CAUSING SUBSTANTIAL PREJUDICE TO THE DEFENDANT.

*ASSIGNMENT OF ERROR NO. II.*
THE TRIAL COURT'S ADMITTANCE OF THE TAPED STATEMENT OF THE DEFENDANT VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

I
In his first assignment, appellant asserts that the trial court erred in permitting the child's mother to testify regarding what the child had told her about the incident. The record indicates that child asked the mother "mommy do you know what that boy did to

me?" The mother then asked the child various questions. Thereafter, the mother told the child to tell her father what she had just told her.

The trial court permitted the mother to repeat the child's statements to the jury over appellant's objections. Appellant argued at trial and before us that the child's remarks were hearsay; the trial court ruled that they were admissible under Evid. R. 803(2), the excited utterance exception.

Evid. R. 803(2) states in pertinent part:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(2) *Excited utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

Appellant urges that the child's statements to her mother were not excited utterances because they were too remote in time from the event, and because during the elapsed time the child had behaved in her usual manner, and did not exhibit the signs that she was under nervous excitement or stress.

In the case of *State v. Duncan* (1978), 53 Ohio St.2d 215, the Supreme Court held:

"1. Testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration, (Paragraph two of the syllabus in

*Potter v. Baker*, 162 Ohio St. 488, approved and followed.)

"2. Where a six year old child, still under the domination and nervous excitement of an abusive sex act, related the particulars of that act to her mother at the earliest opportunity, the mother's repetition of such utterances at trial was testimony as to a spontaneous exclamation, and was admissible in evidence as an exception to the hearsay rule. Syllabus by the Court."

Applying the *Duncan* test, we find that the trial court did not err in admitting the child's statements to her mother. The time lapse here was some two to three days, but unrebutted testimony indicated that this was the first opportunity the child had to be alone with her mother since the incident. Although the mother did elicit some of the child's statements, it appears that the initial remarks were spontaneous.

We find that all four prongs of *Duncan* test have been met.

The first assignment of error is overruled.

II.

In the second assignment of error, appellant urges that the trial court should not have permitted the jury to hear the tape recorded statement he gave to the Columbus police. At the outset of the interview, appellant asked for a lawyer, and the Detective stated on the tape that the interview would be concluded then. Appellant then initiated the conversation by asking about the nature of the charge and the penalty. Appellant then gave a rambling, semi-incoherent statement in which he alternately admitted and denied the charges. He was never readvised of his *Miranda* rights.

Defense counsel never objected to the introduction as evidence, and if we are to find that this is error, we must apply the doctrine of plain error. The plain error doctrine must be used cautiously and only to prevent manifest miscarriage of justice, *State v. Long* (1978), 53 Ohio St.2d 91, syllabus, paragraph 3. We decline to find that the introduction of this tape was error. Even a constitutional right may be waived, *State v. Davis* (1964), 1 Ohio St.2d 28.

Appellant pled not guilty by reason of insanity. Defense counsel might well have determined that this tape recording could be more effective as evidence of appellant's mental impairment than as evidence of guilt, because it was a garbled confession of guilt at best.

Counsel very ably argued this to the jury. We find that this was a strategic move by defense counsel.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.

*Judgment affirmed.*

HOFFMAN, P.J. and
GWIN, J. Concur.