**The STATE of Ohio, Appellee,**

v.

**SMITH, Appellant.**

[Cite as *State v. Smith* (1989), 63 Ohio App.3d 71.]

Court of Appeals of Ohio,
Portage County.

No. 1962.

Decided May 22, 1989.

*David W. Norris,* Prosecuting Attorney, for appellee.
*Louis R. Bertrand,* for appellant.

FORD, Judge.

On October 28, 1987, appellant Mark G. Smith was arrested and charged with failing to wear a seat belt, having expired registration plates, driving while under the influence [violation of R.C. 4511.19(A)(1)], and operating a motor vehicle while having a prohibited content [violation of R.C. 4511.-19(A)(3)].

On February 2, 1988, a jury trial commenced. At trial, the state introduced a number of exhibits relating to the breath test which was administered. Appellant objected to the exhibits, but the court overruled the objections and admitted them into evidence. The jury found appellant guilty of the R.C. 4511.19(A)(3) charge and not guilty of the R.C. 4511.19(A)(1) charge.

Appellant was sentenced to one hundred eighty days with one hundred twenty days suspended, fined $200 plus costs and had his license suspended for one hundred eighty days. The seat belt violation and expired plates charge were both dismissed.

Appellant timely appealed the conviction based upon the following assignments.

"1. The trial court erred in allowing the results of the BAC Verifier test to be admitted into evidence because the solution batch and bottle affidavit was [*sic*] not properly authenticated, or certified, contrary to the mandates of Evidence Rules 902, 1005, 803(8), Criminal Rule 27 and Civil Rule 44.

"2. The trial court erred in allowing the admission of the calibration test and thus, the reliability of the BAC Verifier test given to the appellant was improper without first requiring that the state comply with the health regulations and Rules of Evidence, that is, by requiring that a certified, or authenticated copy of the calibration reports be marked and offered into evidence together with a certified, or authenticated copy of the testing officer's current senior operator's license.

"3. The trial court erred in allowing Trooper Sadowski to testify about the results of a BAC Verifier test without first requiring that his senior operator's license to [*sic*] be properly issued and renewed, and either certified or authenticated by law, pursuant to Evidence Rule 902, Evidence Rule 1005, Evidence Rule 803(8), Criminal Rule 27, and Civil Rule 44.

"4. The court erred in allowing the test results of the BAC Verifier to be admitted into evidence because the prosecution failed to comply with the requirements that a radio frequency interference survey be performed for each breath testing instrument, and that the survey results shall be recorded in the form set forth in the appendix of the Ohio Administrative Code Chapter 3701–53–A(2) and (C)."

The primary focus of this appeal challenges the admissibility of the BAC Verifier test results. (Appellant registered .143 when tested.) Appellant suggests that it was error for the court to admit the results when the state failed to provide the requisite foundation or properly authenticate various documents.

Prior to being admitted into evidence, a writing must satisfy the requirements of authentication in addition to being relevant and not against the rule of hearsay. Specifically, Evid.R. 901(A) provides:

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Evid.R. 901(B) and 902 establish methods by which a document may be authenticated by extrinsic evidence or by which it may be self-authenticated so extrinsic evidence is not required because the document possesses on its face indicia of authenticity which are sufficient to support the finding that the document is what it purports to be.

■ In the case *sub judice*, the relevant sections are Evid.R. 901(B)(1), (B)(4), (B)(7), and 902(1), (2) and (4). Evid.R. 901(B) provides in part:

"(B) * * * By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

"(1) *Testimony of witness with knowledge.* Testimony that a matter is what it is claimed to be.
" * * *

"(4) *Distinctive characteristics and the like.* Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.
" * * *

"(7) *Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

Evid.R. 902 provides in relevant parts:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"(1) *Domestic public documents under seal.* A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

"(2) *Domestic public documents not under seal.* A document purporting to bear the signature in his official capacity of an officer or employee of any

entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

"* * * *

"(4) *Certified copies of public records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."

Even given these guidelines, the question of authentication, and ultimately admissibility, must be evaluated on a case-by-case basis by the trial court. Depending upon the document, differing factors may permit the court to conclude that the document has been properly authenticated.

With this prologue in mind, one can now analyze appellant's assignments of error.

In the first assignment, appellant attacks the admission of the "solution batch and bottle affidavit" (State's exhibit No. 3), which is reproduced below.

Initially, appellant notes that the document does not contain "the Official Seal of the State of Ohio." However, he fails to offer the legal implications or ramifications of that omission. This court will assume that appellant is arguing that the document is inadmissible on this premise for lack of authentication. This, however, is incorrect. As noted, a writing can be authenticated in a number of ways as outlined by Evid.R. 901 and 902.

■ Appellant misconstrues the requirements under Evid.R. 902(1). The rule does not require the official state seal, but rather permits it to be the seal of "a political subdivision, department, officer or agency thereof * * *." Thus, the requirement of "the seal" is met if the seal of the appropriate department, in this cause the department of health, rather than the seal of the state, is properly affixed.

In support of his argument, appellant directs attention to *State v. Keating* (Oct. 13, 1987), Stark App. No. CA–7148, unreported, 1987 WL 18541, to support this proposition. Reliance upon *Keating, supra,* is misplaced to support this argument, but is more appropriate later and shall be fully addressed shortly.

However, the question remains whether that "entire" writing is admissible. While the underlying document appears to be self-authenticating pursuant to Evid.R. 902(1), the "Alcohol Calibration Solution" which was stapled to the first document does not appear to have been properly authenticated. It is not self-authenticating because it does not bear a seal pursuant to Evid.R. 902(1), nor was it certified as required by Evid.R. 902(2) or 902(4). Further, the document was not authenticated in accordance with Evid.R. 901(B). The trooper was unable to testify from personal knowledge about the paper. Further, no testimony was presented which would permit authentication under Evid.R. 901(B)(4) or (B)(7).

The state attempts to argue that this document is either an official document or is admissible as part of the BAC Verifier calibration logs. This, however, is erroneous. As noted, it does not contain any mark identifying it as an official document. Further, the official calibration logs were not presented at trial nor was there a certification attached to the documents indicating that they are "true and accurate copies" signed by the person in charge of maintaining those records. See, e.g., *State v. Holcomb* (July 14, 1988), Van Wert App. No. 15–86–22, unreported, 1988 WL 80520.

This first assignment is sustained.

■ In the second assignment, appellant challenges the admissibility of the calibration reports. The officer who performed the calibration tests did not testify at trial. The state's sole witness, Trooper Sadowski, testified that Sergeant Guarnieri conducted the calibration. However, Trooper Sadowski did not state that he personally observed the calibration.

Appellant objects to admissibility because the state failed to prove the calibration test was performed by a senior operator. This assignment is overruled.

It should be noted that appellant failed to raise this specific objection at trial. His failure to do so constitutes a waiver. This proposition was noted in *State v. Charles* (Dec. 31, 1987), Williams App. No. WMS–87–4, unreported, at 6, 1987 WL 31977.

"A party must timely object to purportedly inadmissible evidence and set forth specific grounds for his objection unless the grounds are clear from the context. Evid.R. 103(A)(1). Generally, when a party makes specific objections to the admission of evidence, he waives all other objections and cannot assert them on appeal. *State v. Davis* (1964), 1 Ohio St.2d 28, 32–33 [30 O.O.2d 16, 18, 203 N.E.2d 357, 360]. See, also, *Johnson v. English* (1966), 5 Ohio App.2d 109, 113 [34 O.O.2d 229, 232, 214 N.E.2d 254, 257]. Thus, failure to bring to the court's attention allegedly inadmissible evidence precludes a

party from raising this issue on appeal and a reviewing court may disregard such matters if placed before them. App.R. 12(A)."

In the third assignment, the appellant challenges Trooper Sadowski's senior operator's permit. Again, the basis of the challenge focuses upon the fact that the document does not contain the "official state seal." However, this document does contain the necessary seal and signature of a duly authorized representative from the department involved here. As such, the document is properly authenticated pursuant to Evid.R. 902(1).

The third assignment is overruled.

In the fourth assignment of error, appellant alleges that test results are inadmissible because the state failed to provide a radio frequency interference ("RFI") survey at the trial. Appellant cites Section 3701–53–02(C) of the Ohio Administrative Code, which provides in part:

"(C) A radio frequency interference (RFI) survey shall be performed for each breath testing instrument listed in paragraphs (A)(1) to (A)(3) and (A)(5) of this rule that is in operation at each breath testing site. * * * The original RFI survey form and any subsequent RFI survey forms shall be kept on file in the area where tests are performed. * * * Radio transmitting antennae shall not be used within any RFI-affected zone during conduct of a subject test or a calibration check."

While this requires the state to maintain the records, under the facts in this case, the failure by the state to produce that documentation is not a basis for exclusion of the results.

The trooper testified that he had operated the machine pursuant to manufacturer's instructions. Included in that procedure is an internal check for RFI. The trooper stated that had there been RFI, the machine would have so indicated. To the contrary, the machine indicated that the "[i]nternal standard [had been] verified" and that "no RFI [was] present." This eliminated the possibility of error from RFI. Further, appellant failed to raise this issue at trial. His failure constitutes a waiver of that objection, and he is precluded from raising that issue now. *State v. Davis* (1964), 1 Ohio St.2d 28, 30 O.O.2d 16, 203 N.E.2d 357. In addition, unless there is a challenge, the trial court is to assume compliance with the regulations. See, *e.g., State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902.

The fourth assignment of error is without merit.

Independently, the state presented sufficient evidence, absent a challenge by the appellant, to permit the trial court to conclude that the calibration had been conducted by a senior operator. Trooper Sadowski testified that Sergeant Guarnieri was a "senior operator." In addition, the calibration form

lists the status of the signature as a "senior operator." As noted, appellant made no objection on this issue, and the trial court acted correctly in admitting the calibration form.

For the foregoing reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

CHRISTLEY, P.J., and MAHONEY, J., concur.