OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Brian S. Durm, appeals his convictions in the Portage County Municipal Court, Ravenna Division, on charges of reckless operation of a motor vehicle, in violation of R.C.4511.20, and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (A)(3). The following facts are relevant to a determination of this appeal.
On March 28, 1998, at approximately 2:46 a.m., a single vehicle accident was reported on Prospect Street, Ravenna Township, Ohio. Trooper J.D. Hromiak, of the Ohio State Highway Patrol, arrived at the scene of the accident and found an unoccupied pick-up truck registered in the name of appellant's father. Shortly thereafter, Trooper Hromiak noticed a man walking toward the accident scene. That man turned out to be appellant. According to Trooper Hromiak, appellant stated, "go ahead and arrest me. I've had way too much to drink and I'm refusing everything." The officer asked appellant if he had been driving the truck and appellant responded affirmatively. Appellant refused to participate in a horizontal gaze nystagmus test whereupon appellant was arrested and placed in the back seat of the patrol car. He was taken to the Ravenna Post of the State Highway Patrol where a statement was taken and a BAC Verifier breath test was administered, yielding a result of .185 grams of alcohol per 210 liters of breath. Thereafter, appellant was charged with driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1) and (A)(3), and with reckless operation of a motor vehicle.
On April 3, 1998, appellant filed a motion to suppress seeking,inter alia, exclusion of the results of the BAC Verifier. A hearing on the motion to suppress was conducted by the trial court on June 23, 1998. The trial court overruled the motion on the same day. The matter proceeded to a bench trial on July 21, 1998, and appellant was convicted on all charges.
Appellant timely filed a notice of appeal and has now set forth five assignments of error. In the first assignment of error, appellant asserts that the trial court erred when it admitted into evidence an uncertified photocopy of an improperly authenticated calibration solution certificate at the suppression hearing. In the second assignment of error, appellant maintains that the trial court erred when it admitted into evidence an uncertified photocopy of an improperly authenticated calibration solution certificate at the suppression hearing. In the third assignment of error, appellant contends that the trial court erred in allowing authentication of a copy of the calibration solution certificate by an officer who had no personal knowledge of the accuracy of the copy. In the fourth assignment of error, appellant submits that the trial court erred in allowing the alcohol calibration solution document into evidence, when it was improperly authenticated. These four assignments of error touch on some of the same issues and, therefore, will be treated in a consolidated manner.
It is appellant's contention that the Ohio Department of Health certificate regarding the calibration solution used to test the accuracy of the BAC Verifier was not properly certified, but was only a copy of an uncertified document and, therefore, was inadmissible. Appellant argues that because there was no certification showing that it was a true and accurate copy of the original certificate kept in Columbus by the Ohio Department of Health, it was inadmissible.
A review of the transcript from the suppression hearing, however, reveals that appellant failed to object to the admission of the certificate. Pursuant to Evid.R. 103(A)(1), error may not be predicated upon a ruling which admits evidence when no objection was made. State v. Luhrs (1990), 69 Ohio App.3d 731, 737; State v.Smith (1989), 63 Ohio App.3d 71, 78. Moreover, at the suppression hearing, the state specifically requested permission to be allowed to substitute photocopies of the certified documents after completion of the suppression hearing. When the trial court asked appellant's counsel if he objected to the substitution, counsel stated, "No. No, Judge."
The law in Ohio is clear that once a defendant raises the issue of a test's reliability, the state is only required to prove substantial compliance with the Ohio Department of Health regulations. Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3. Once the state demonstrates substantial compliance, the burden shifts to the defendant to show he was prejudiced by the state's failure to strictly comply with the regulations.
 State v. Monsour (Dec. 5, 1997), Portage App. No. 96-P-0274, unreported, at 5-6, citing State v. Plummer
(1986), 22 Ohio St.3d 292, syllabus.
In Monsour, this court held that when a challenge has been made to the certificate from the Department of Health, and the state presents a self-authenticating certificate from the Department of Health, the state has established substantial compliance, if not strict compliance, with the regulations. The burden then shifts to the defendant to demonstrate prejudice from the lack of strict compliance or by the alleged error. Id. at 7. See, also, State v.Starkey (Sept. 25, 1998), Portage App. No. 97-P-0098, unreported, at 4-5.
In the case sub judice, the state introduced into evidence a self-authenticating certificate from the Department of Health certifying the test solution and its anticipated target result. The state also established that Trooper Hromiak was qualified to operate the BAC Verifier and conduct calibration checks on the machine. Additionally, a calibration check had been properly performed on the equipment on March 23, 1998, just five days prior to the incident in question. Clearly, the state established substantial, if not strict, compliance with the Department of Health regulations.
Accordingly, the burden shifted to appellant to demonstrate prejudice from any lack of strict compliance. Appellant has failed to even allege prejudice let alone establish it. Thus, even if appellant had objected at trial, and even if the state didnot demonstrate strict compliance with the regulations, appellant's arguments would still be meritless. Hence, the trial court did not err in permitting the state to introduce into evidence the documents in question. Appellant's first, second, third, and fourth assignments of error are overruled.
In the fifth assignment of error, appellant contends that the trial court erred by allowing into evidence statements he had made when he had not been properly advised of his constitutional rights pursuant to Miranda. Specifically, appellant argues that once he was placed in the back seat of the patrol car, it became a custodial arrest and he should have been Mirandized.
In reviewing this assignment of error, it is not clear exactly which statements appellant claims should have been suppressed. A review of the transcript from the suppression hearing reveals that before appellant was placed in the patrol car, he voluntarily walked up to Trooper Hromiak, admitted to having crashed the truck, admitted that he had been drinking too much, refused to participate in any tests, and invited the officer to arrest him. It would appear that the cat was already out of the bag by the time appellant was placed in the patrol car. Those statements surely should not have been suppressed as the conversation took place on a public street and was initiated by appellant.
After appellant was put in the police cruiser, appellant merely reiterated that he was not willing to take any tests because he had consumed too much alcohol. Thus, whether or not appellant should have been immediately mirandized when he was placed in the officer's vehicle is irrelevant in this case. The damaging admissions had already been made. Additionally, Trooper Hromiak testified that he did, in fact, give appellant the Miranda warnings.
Accordingly, the trial court did not err by allowing into evidence statements made by appellant. Appellant's fifth assignment of error is without merit. The judgment of the trial court is hereby affirmed.
 ___________________________________________________________ JUDGE JOSEPH E. MAHONEY, Ret., Eleventh Appellate District, sitting by assignment.
CHRISTLEY, P.J., NADER, J., concur.