OPINION
{¶ 1} Appellant, Gary M. Dye, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, convicting him of operating a motor vehicle under the influence of alcohol.
 {¶ 2} On October 12, 2000, appellant was arrested for operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1) and (A)(6).
 {¶ 3} On December 20, 2000, appellant moved to suppress: (1) tests of defendant's coordination, sobriety, and alcohol and/or drug levels; (2) statements taken from or made by appellant; and, (3) observations and opinions of the police officers who stopped appellant and/or administered sobriety tests. In appellant's memorandum in support of his motion, he argued that there was no probable cause to arrest because neither the informant's tip, nor the arresting officer's observations prior to the administration of field sobriety tests, gave rise to a reasonable suspicion that appellant was driving under the influence of alcohol.
 {¶ 4} On March 14, 2001, a hearing was held on appellant's motions to suppress. The prosecution called two witnesses: Deputy Delari J. Walker ("Deputy Walker"), the arresting officer, and Connie Cook ("Cook"), a close friend of appellant's girlfriend, Carol Thompson ("Thompson").
 {¶ 5} Cook testified that, at approximately 9:00 p.m. on October 12, 2000, appellant stopped by her home to speak with Thompson. As appellant backed his truck into her driveway, he hit a fence post, damaging it. Cook testified that she called the Sheriff's Department and reported the incident. Appellant remained in Cook's driveway for approximately fifteen minutes after the incident. Cook stated that when the police arrived, she told them appellant had left and had probably gone to Thompson's residence.
 {¶ 6} Deputy Walker and Deputy Wilson of the Portage County Sheriff's Office were dispatched to Cook's residence. When the officers arrived, appellant had already left the premises. Deputy Walker attested that he was initially dispatched to investigate an allegation of property damage.
 {¶ 7} Deputy Walker attested that he spoke with Cook, who stated that "there was a subject that had ran over her fence post that had come to visit a friend of hers that was also at the residence, and had smelled of alcoholic beverage, but he took off before [the deputy] arrived."
 {¶ 8} Thereafter, Deputy Walker attested, he went to Thompson's residence. Upon arriving at the location, he observed a person "appearing to be asleep" on the driver's side of the vehicle. Deputy Walker indicated that he had to wake the individual up. The keys were in the ignition, the engine was running, and a twelve pack of beer was located on the seat next to appellant.
 {¶ 9} While speaking with appellant, Deputy Walker smelled the odor of alcohol. Deputy Walker stated that appellant informed him that he had previously been at Cook's house, but had been driving a different vehicle. Appellant denied consuming any alcohol after arriving at Thompson's residence.
 {¶ 10} Deputy Walker asked appellant to exit the vehicle and perform sobriety tests. Appellant was given three sobriety tests: (1) the walk and turn; (2) the one leg stand; and, (3) the HGN. Deputy Walker stated that appellant failed each test. He further attested that appellant was lethargic, swaying, and slurred his speech. Deputy Walker testified that appellant told him he had been drinking prior to his arrival at Thompson's residence. Based on the totality of the circumstances, Deputy Walker concluded that appellant was under the influence of alcohol and took him into custody. Appellant later took a Breathalyzer test.
 {¶ 11} At the conclusion of the hearing, the court took the matter under advisement and, on June 18, 2001, the court overruled appellant's motion to suppress.
 {¶ 12} Subsequently, appellant entered a plea of no contest to the charge of violating R.C. 4511.19(A)(1). Appellant was found guilty of violating R.C. 4511.19(A)(1). The R.C. 4511.19(A)(6) violation was dismissed. Appellant was sentenced; however, imposition of the sentence was stayed pending this appeal.
 {¶ 13} Appellant raises the following assignment of error for our review:
 {¶ 14} "The trial court committed prejudicial and reversible error by overruling the Appellant's Motion to Suppress and finding[,] based upon the evidence given at the suppression hearing, that the arresting officer had probable cause to believe that the Appellant was operating a motor vehicle under the influence of alcohol."
 {¶ 15} In appellant's sole assignment of error, he presents three issues for our review. First, appellant argues that the trial court erred in finding probable cause based on findings of fact that were not drawn from the testimony or evidence presented at the suppression hearing. Next, appellant challenges the results of the field sobriety tests. And, finally, appellant argues that the officer did not have a reasonable suspicion to justify his detention of appellant and/or his request that appellant perform field sobriety tests.
 {¶ 16} We will address appellant's third issue first. In the first issue presented for our review, appellant argues that there was insufficient evidence to support a finding of reasonable suspicion. Appellant contends that, although Cook reported that appellant "most likely had been drinking," she did not indicate that she suspected that appellant was operating his vehicle under the influence of alcohol. Instead, her statement focused on the damage to her fence. Therefore, appellant argues, the only articulable indicia of alcohol use, up to the point of the field sobriety tests, was Deputy Walker's detection of the odor of alcohol.
 {¶ 17} "At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. *** On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. *** After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." Ohio v. Hrubik (June 30, 2000), 11th Dist. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, at *4-5.
 {¶ 18} To determine whether an investigative stop was constitutional we must ascertain whether the officer had reasonable suspicion, based on articulable facts, that criminal behavior has occurred or is about to occur. Terry v. Ohio (1968), 392 U.S. 1, 30. The propriety of an investigative stop must be viewed in light of the totality of the circumstances, as viewed through the eyes of a reasonable and prudent police officer, who must react to the events as they unfold. Statev. Andrews (1991), 57 Ohio St.3d 86, 87-88; State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 19} At the suppression hearing, Deputy Walker testified that he spoke with Cook, who reported that appellant had damaged her fence post while operating his vehicle, "smelled of alcoholic beverage," and "most likely had been drinking." Based on the information of property damage and apparent use of alcohol, obtained from Cook, Deputy Walker had reasonable suspicion, based on articulable facts, that criminal behavior had occurred or was about to occur. Therefore, the investigative stop was constitutional.
 {¶ 20} Deputy Walker testified that after approaching appellant, who appeared to be asleep behind the steering wheel with the engine running, he smelled alcohol and observed a twelve pack of beer on the seat of the vehicle. Under the totality of the circumstances, we conclude that Deputy Walker had reasonable suspicion, based on articulable facts, that appellant was driving under the influence of alcohol, justifying his request that appellant perform field sobriety tests. Appellant's third issue lacks merit.
 {¶ 21} In the second issue presented for our review, appellant argues that the prosecution failed to lay a proper foundation as to Deputy Walker's training and ability to administer field sobriety tests.
 {¶ 22} A review of the transcript from the suppression hearing reveals that appellant failed to object to Deputy Walker's testimony regarding the field sobriety test results. Further, appellant failed to raise the issue of Deputy Walker's training and/or technique in administering the field sobriety tests in his motion to suppress. Pursuant to Evid.R. 103(A)(1), error may not be predicated upon a ruling which admits evidence when no objection was made. State v. Starkey
(Sept. 25, 1998), 11th Dist. No 97-P-0098, 1998 Ohio App. LEXIS 4530, at *4-5; citing State v. Luhrs (1990), 69 Ohio App.3d 731, 737; State v.Smith (1989), 63 Ohio App.3d 71, 78. Appellant's second issue presented is, therefore, without merit.
 {¶ 23} In the first issue presented for our review, appellant argues that the trial court's findings were not drawn from the evidence presented at the hearing on the motion to suppress. First, appellant challenges the court's finding that, "Cook gave the officer information regarding the damage done and stated that the defendant smelled of alcohol and most likely had been drinking." He contends that there is no evidence that Cook smelled alcohol on appellant's person; however, the record confirms Deputy Walker testified Cook reported that appellant "smelled of alcoholic" beverage. It is clear from the trial court's findings that the court believed the testimony of the deputy. "Matters of weight and credibility are for the trier of fact, including at suppression hearings." State v. Chapman (1994), 97 Ohio App.3d 687,691-692; citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Fanning (1982), 1 Ohio St.3d 19, 20.
 {¶ 24} Next, appellant contends that the court erred in finding that, "the arresting officer went in search of the Defendant for the suspected criminal damage and DUI." The testimony reveals that Deputy Walker was dispatched to investigate damage to a fence post and that the complaining witness stated that appellant, who damaged the fence post while operating a motor vehicle, smelled of alcohol and "most likely had been drinking." Thus, the record supports the trial court's finding that appellant was suspected of damaging property and driving under the influence of alcohol. Appellant's contention otherwise is, therefore, without merit.
 {¶ 25} Finally, appellant argues that the court erred in finding that appellant "was asleep" in the vehicle and that on the seat next to him "was a twelve-pack of beer." Appellant asserts that the officer only stated that the individual appeared to be sleeping, not that he was asleep. The transcript reveals that Deputy Walker, in fact, stated that it appeared appellant was asleep; however, he also indicated that he had to wake appellant up. Thus, we conclude that the trial court's finding was supported by competent, credible evidence.
 {¶ 26} With regard to the twelve-pack of beer, Deputy Walker testified that he observed a twelve-pack of beer on the seat of the vehicle, but he noted that appellant was not drinking any at that time and that he had not examined whether any of the beer had been consumed. Thus, the court's finding is based on evidence in the record. Further, whether appellant was asleep and/or had a case of beer in the vehicle is not dispositive of whether the trial court erred in denying appellant's motion to suppress. Under the circumstances, the trial court did not err in determining that Deputy Walker had probable cause to believe that appellant was operating a vehicle while under the influence of alcohol.
 {¶ 27} Based on the foregoing, the judgment of the Portage County Municipal Court, Ravenna Division is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.