[Cite as *State v. Hardman*, 2018-Ohio-5152.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**No. 105810**


**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEAFRED C. HARDMAN,
A.K.A. DEALFRED HARDMAN**

DEFENDANT-APPELLANT


---

**JUDGMENT:**
APPLICATION DENIED

---


Cuyahoga County Court of Common Pleas
Case No. CR-14-585663-B
Application for Reopening
Motion No. 520302

**RELEASE DATE:** December 17, 2018

**FOR APPELLANT**

Deafred Hardman, a.k.a. Dealfred Hardman, pro se
Inmate No. 663624
Oriana House, Inc.
P.O. Box 1501
Akron, Ohio   44309

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


MELODY J. STEWART, J.:

{¶1} Deafred C. Hardman, a.k.a. Dealfred Hardman,  has filed a timely application for reopening pursuant to App.R. 26(B).   Hardman is attempting to reopen the appellate judgment, rendered in *State v. Hardman*, 8th Dist. Cuyahoga No. 105810, 2018-Ohio-2062, that affirmed his convictions for the offenses of compelling prostitution (R.C. 2907.21(A)(2)(a)) and unlawful sexual conduct with a minor (2907.04(A)).   We decline to reopen Hardman's original appeal.

### I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Hardman is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice.   *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

## II. State's Failure to Provide Discovery

{¶4} Hardman has raised three proposed assignments of error in support of his application for reopening. Hardman's first proposed assignment of error is that:

> The state committed prosecutorial misconduct by deliberately violating appellant's [rights under] 5th, 6th, and 14th Amendments of the U.S. Constitution and admitting inadmissable hearsay evidence to the jury only to withdraw that evidence once inadmissable hearsay testimony had been elicited regarding the same.

{¶5} Hardman, through his initial assignment of error, argues that appellate counsel was ineffective by not challenging the state's failure to provide his dental records during discovery. Specifically, Hardman argues that the state was prohibited from introducing his dental records at the retrial because the prosecution had promised not to introduce any exhibits from the original trial.

{¶6} The Supreme Court of Ohio, in *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.3d 803, reaffirmed the application of the doctrine of res judicata and held that:

The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 1998-Ohio-435, 692 N.E.2d 140. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. *Grava*, 73 Ohio St.3d at 382, 653 N.E.2d 226.

Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. *Fort Frye*, 81 Ohio St.3d at 395, 692 N.E.2d 140. Issue preclusion applies even if the causes of action differ. *Id.*

*O'Nesti*, *supra*, at ¶ 6.

{¶7} Herein, Hardman has already attempted to litigate the claim that the state was precluded from introducing any exhibits at the second trial that had been previously admitted into evidence during the course of the original trial.

During the first trial, Hardman introduced his own dental records into evidence without objection from the state. During retrial, a police detective testified that a telephone number given in conjunction with the ad for the victim's escort services was the same number appearing on Hardman's dental records. Hardman claims that the records were inadmissible because the state did not disclose those dental records to him in pretrial discovery and the state reneged on its representation to the court that it would not introduce any exhibits from the first trial.

The state did not promise that it would not introduce any exhibits from the first trial. As part of his motion in limine, Hardman asked that the state be precluded from introducing his testimony from the first trial because he would not be testifying in the second trial. The state told the court that it "does not have any intention of introducing any past testimony in its case in chief." At no point did the state agree not to introduce any exhibits that were admitted at the first trial. Indeed, an agreement to that effect would have doomed the state's case — it would have prohibited the state from introducing the ad for escort services, a crucial piece of evidence.

Hardman's claim that the state did not produce the dental records in discovery is equally without merit. The point of pretrial discovery is to prevent unfair surprise. *State v. Howard*, 56 Ohio St.2d 328, 333, 383 N.E.2d 912 (1978). Not only did

the dental records belong to Hardman, he introduced them in the first trial. We are hard-pressed to understand how Hardman would have been surprised that the state used them in the second trial.

*Hardman, supra*, at ¶ 18.

{¶8} The doctrine of res judicata bars Hardman from once again raising the issue of the improper admission into evidence of his dental records because the issue was previously adjudicated before this court on appeal. Hardman has failed to establish any prejudice through his first proposed assignment of error.

### III. Failure of State to Authenticate Record

{¶9} Hardman's second proposed assignment of error is that:

The trial court erred when it overruled appellant's motion in limine and objection to state exhibit (2) the Backpage advertisement as it violated Evid.R. 902, 403(A), R.C. 2921.12, R.C. 2945.82 and Evid.R. 1003.

{¶10} Hardman, through his second proposed assignment of error, states his appellate counsel was ineffective on appeal by failing to argue that a Backpage.com advertisement, introduced by the state at trial as state's exhibit No. 2, was not properly authenticated.

{¶11} Evid.R. 901(A) deals with the authentication of evidence prior to admission at trial. The authenticity requirement is satisfied by "evidence sufficient to support a finding that the matter in question is what the proponent claims." Evid.R. 901(A). Evid.R. 901(B) and 902 establish methods by which a document may be authenticated by extrinsic evidence or by which it may be self-authenticated so extrinsic evidence is not required because the document possesses on its face indicia of authenticity which are sufficient to support the finding that the document is what it purports to be. *State v. Smith*, 63 Ohio App.3d 71, 74, 577 N.E.2d 1152 (11th Dist.1989). Evid.R. 901 provides a liberal standard for the authentication of evidence. *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 11, citing *State v. Teague*, 8th Dist. Cuyahoga

No. 90801, 2009-Ohio-129.   In addition, the decision to admit or exclude evidence rests within the trial court's sound discretion. *State v. McGuire*, 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997). Thus, a reviewing court will not reverse the trial court's decision absent an abuse of discretion.

{¶12} This court has also stated that:

> Circumstantial evidence, as well as direct, may be used to show authenticity. *State v. Williams*, supra, 64 Ohio App.2d 271, 274, 413 N.E.2d 1212 (8th Dist. 1979). Moreover, the threshold standard for authenticating evidence pursuant to Evid.R. 901(A) is low, and "does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be. *State v. Easter*, 75 Ohio App.3d 22, 25, 598 N.E.2d 845 (4th Dist. 1991)." *State v. Trice*, 8th Dist. Cuyahoga No. 89933, 2008-Ohio-2930, ¶ 22.

*Pruitt* at ¶ 11, quoting *Teague* at ¶ 7.

{¶13} Herein, Nathan Yockey authenticated state's exhibit No. 2 by direct testimony. Yockey testified that: 1) he is the custodian of records for Backpage.com (tr. 351); 2) he has been employed by Backpage.com as the custodian of records for 6.5 years (tr. 351); 3) Backpage.com is an online classified advertisement website (tr. 351); 4) in order to place an advertisement on Backpage.com, an account must be created (tr. 352); 5) Backpage.com received a subpoena from the Cuyahoga County Prosecutor in 2014 for records relating to an advertisement posted under I.D. No. 17654164 (tr. 353);

6) records associated with I.D. No. 17654164 were provided to the Cuyahoga County Prosecutor (tr. 353); 7) the records provided to the Cuyahoga County Prosecutor consisted of ten pages and included the advertisement placed on Backpage.com, the title of the advertisement, the posted date of the advertisement, an invoice, multiple images associated with the advertisement, and administrative data (tr. 353 - 355); 8) the administrative data includes the posting region for the advertisement, the amount paid for the advertisement, the name of the person that ordered the

advertisement, the email address associated with the person that ordered the advertisement, and the date the advertisement was created (tr. 356 - 357); and 9) the advertisement was posted in the escort section of Backpage.com in the Cleveland, Ohio area (tr. 316).

**{¶14}** We find that the direct testimony of Nathan Yockey satisfied the requirement of authentication for state's exhibit No. 2 under Evid.R. 901(A). *State v. Inkton*, 8th Dist. Cuyahoga No. 102706, 2016-Ohio-693. Hardman has failed to establish any prejudice through his second proposed assignment of error.

### IV. Trial Court was Biased Toward Defendant

**{¶15}** Hardman's third proposed assignment of error is that:

Whether the trial judge committed structural error by being bias[ed] toward the appellant.

**{¶16}** Hardman, through his third proposed assignment of error, states that his appellate counsel was ineffective on appeal by failing to argue that the trial court was biased during the course of trial resulting in prejudice. This court, with regard to the issue of judicial bias, has stated that:

> Due process requires that a criminal defendant be tried before an impartial judge. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. If the record evidence indicates that the trial was infected by judicial bias, the remedy is a new trial. *State v. Dean*, 127 Ohio St.3d 140, 2010 Ohio 5070, 937 N.E.2d 97, ¶ 2. Judicial bias is defined as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge * * * ." *Id*. at ¶ 48, quoting *Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. Judicial bias is "contradistinguished from an open state of mind which will be governed by the law and the facts." *Id.*, quoting *Pratt* at paragraph four of the syllabus.

*State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, 990 N.E.2d 653, ¶ 10.

{¶17} Our review of the record fails to disclose that the trial court judge harbored any ill will or hostility toward Hardman during the course of trial.   We find that the alleged comments made by the trial court that referenced retrial following reversal by this court for a new trial, lack of recollection, and placing the burden upon the defendant to secure the attendance of a witness, all fail to establish bias toward Hardman.   In addition, we fail to find that the trial court uttered "epithets, slurs, demeaning nicknames, [or] negative stereotyping" against Hardman.   *Lamar*, *supra*; *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651.   Hardman has failed to establish that he was prejudiced through his third proposed assignment of error.

{¶18} Accordingly, the application for reopening is denied.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, SR., J., CONCUR