JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Paul Teague, appeals from his conviction on one count of domestic violence which, due to his two prior convictions for domestic violence, was elevated to a felony of the third degree. Following a jury trial, appellant was convicted and sentenced to the maximum term of five years in prison.
 {¶ 2} On appeal, appellant raises two errors for review challenging the trial court's admission of recorded telephone calls between himself and the victim and also asserting that the five-year sentence imposed by the trial court is contrary to law.
 I {¶ 3} "The defendant was materially prejudiced by the introduction of recorded telephone calls that were not properly authenticated."
 {¶ 4} In this first assignment of error, appellant contends that the trial court abused its discretion by admitting audio tapes into evidence. He claims that the state did not properly authenticate the voices heard on the tapes under Evid. R. 901(B)(5) and (B)(6). We disagree.
 {¶ 5} The decision to admit or exclude evidence rests within the trial court's sound discretion. State v. McGuire (1997), 80 Ohio St.3d 390,400-401, 1997-Ohio-335. Thus, a reviewing court will not reverse the trial court's decision *Page 4 
absent an abuse of discretion. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 6} Evidence Rule 901 governs authentication and provides a liberal standard for the authentication of telephone calls. State v. Reno, Ross App. No. 04CA2759, 2005-Ohio-1294. Pursuant to Evid. R. 901(A), the requirement of authentication for evidence to be admissible "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid. R. 901(B) provides examples of authentication or identification conforming with the requirements of the rule. These examples, including the ones relied upon by appellant, are provided "[b]y way of illustration only, and not by way oflimitation." Evid. R. 901(B) (emphasis added).
 {¶ 7} "Telephone conversations are admitted where the identity of the parties is `satisfactorily explained.'" State v. Williams (1979),64 Ohio App.2d 271, 274. "Testimony as to a telephone call is admissible where there is a reasonable showing, through testimony or other evidence, that the witness placed or received a call as alleged, plus some indication of the identity of the person spoken to. There is no fixed identification requirement for all calls. * * * `Each case has its own set of facts.'" State v. Vrona (1988), 47 Ohio App.3d 145, 149
(citations omitted). "Circumstantial evidence, as well as direct, may be used *Page 5 
to show authenticity. Williams, supra, 64 Ohio App.2d 274. Moreover, the threshold standard for authenticating evidence pursuant to Evid. R. 901(A) is low, and `does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be.'State v. Easter (1991), 75 Ohio App.3d 22, 25." State v. Trice, Cuyahoga App. No. 89933, 2008-Ohio-2930.
 {¶ 8} In this case, the state presented testimony by an investigator with the Cuyahoga County Sheriff's Department who identified the calls in question as being made by appellant from the county jail while appellant was incarcerated there. The investigator also identified the telephone number receiving the call as belonging to the victim, Charel Owens. The investigator explained that sheriff's department records showed that as part of the registration procedure to visit appellant in jail, Charel Owens provided the sheriff's department with that telephone number as her contact number. This evidence was corroborated by Detective Delk of the Cleveland Police Domestic Violence Unit. Delk, who had spoken to Charel Owens in person and by telephone, testified that he listened to the taped conversations and, based upon the calls, believed appellant had manipulated Charel Owens into not coming to court. In our view, the state's evidence is "sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 9} Appellant's first assignment of error is overruled. *Page 6 
 II {¶ 10} "The sentence imposed by the court is inconsistent with the principles and purposes of sentencing under the Ohio Revised Code and therefore is contrary to law."
 {¶ 11} Appellant contends that the five-year sentence, the maximum for a third degree felony, is disproportionate and clearly inconsistent with the overriding purposes of felony sentencing as provided in R.C. 2929.11. Appellant asserts that he ought to be re-sentenced to a lesser term of incarceration.
 {¶ 12} Following the decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, trial courts no longer engage in judicial fact-finding when imposing maximum, consecutive, or more than minimum prison terms. After Foster, "the trial court is no longer compelled to make findings and give reasons at the sentencing hearing * * *; nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at _38.
 {¶ 13} R.C. 2929.11 provides: *Page 7 
 {¶ 14} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender * * *, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 15} In the instant case, the trial court's judgment entry of October 30, 2007, states in pertinent part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 5 year(s). Post release control is part of the prison sentence for 3 years for the above felony(s) under R.C. 2967.28."
 {¶ 16} The transcript shows the court specifically noted that in addition to the two prior convictions for domestic violence against this victim, appellant had been convicted eight additional times on various charges including drug possession and trafficking, weapons violations, and felonious assault. The court also noted that appellant committed this most recent domestic violence offense at the door of the child care center where his child and other children were present. The court expressed its fear that appellant was "out-of-control" and that without the anger management and other intervention programs he would participate in while incarcerated, appellant could wind up killing the victim. Therefore, the record reflects that the court followed the dictates of R.C. 2929.11 *Page 8 
by imposing a sentence that it believed would incapacitate, deter, and rehabilitate appellant. There is nothing in the record to suggest that the trial court's sentencing decision was unreasonable, arbitrary, or unconscionable.
 {¶ 17} As the trial court considered R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the statutory range, and properly applied postrelease control, we find no error in the sentence imposed. Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1