[Cite as *State v. Paster*, 2014-Ohio-3231.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100458**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL N. PASTER

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTIONS AFFIRMED; SENTENCE REVERSED
AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573090

**BEFORE**:   Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   July 24, 2014

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Holly Welsh
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Michael Paster ("Paster"), appeals his convictions and sentence. For the reasons set forth below, we affirm his convictions, reverse his sentence, and remand for resentencing.

{¶2} In April 2013, Paster was charged in a five-count indictment. Counts 1 and 2 charged him with importuning. Count 3 charged him with compelling prostitution. Count 4 charged him with attempted unlawful conduct with a minor. Count 5 charged him with possession of criminal tools.[1] The charges arise from an online investigation conducted by the Ohio Internet Crimes Against Children Task Force ("ICAC"), where one of its officers posed online as a 15-year-old girl.

{¶3} The matter proceeded to a bench trial in July 2013, at which the following evidence was adduced.

{¶4} On March 29, 2013, Beth Holmes ("Holmes"), an investigator with ICAC, observed an ad posted on craigslist.com under the "casual encounters" section, titled "Looking to have some A$$ fun-m4w-35[.]" Holmes responded to the ad using the email address of her undercover profile, Janelle Bentley ("Bentley"). Holmes, posing as Bentley, exchanged email addresses with Paster, who was later determined to be the person who placed the craigslist ad. Holmes also exchanged cell phone numbers with Paster. Holmes provided Paster an undercover cell phone number. The two of them corresponded by text message from March 29, 2013 to April 2, 2013. During that time,

---

[1]Each of the counts carried a forfeiture specification.

Paster texted a picture of himself to Holmes, and Holmes, posing as Bentley, sent a picture of herself manipulated to make her look younger. Paster made several requests of Bentley to engage in various sexual acts. Holmes, posing as Bentley, texted Paster on two occasions that she was 15 years old. Paster, who was 37 years old at the time, asked Bentley to meet in person so that they can engage in sexual activity. He offered a "prize of $100." They arranged to meet on April 2, 2013, at a video store in Parma, Ohio and then drive somewhere to have sex. When Paster arrived at the location, Holmes, posing as Bentley, texted Paster, asking if he just pulled into the parking lot. Paster responded, "yeah." Officers then asked Paster to step out of his vehicle and arrested him. Officers seized Paster's cell phone and his wallet, which contained $18 and two condoms.

{¶5} Jeff Rice, a forensic examiner with ICAC, testified that he conducted an exam of Paster's cell phone and found text messages exchanged between Paster and Holmes, posing as Bentley.

{¶6} A review of the trial transcript reveals that the court found Paster guilty of both counts of importuning, attempted unlawful conduct with a minor, and possession of criminal tools, all with corresponding forfeiture specifications, and not guilty of compelling prostitution. The corresponding journal entry, however, states that the trial court found Paster "not guilty of possessing criminal tools [R.C.] 2923.24(A) with forfeiture specification(s) (2941.1417) as charged in Count(s) 5 of the indictment."

**{¶7}** At sentencing, the trial court sentenced Paster on Counts 1 and 4.[2] The trial court merged Counts 1 and 2, and the state elected to proceed with sentencing on Count 1. The trial court sentenced Paster to 12 months on Count 1 and 16 months on Count 4, to be served consecutively for a total of 28 months in prison.

**{¶8}** Paster now appeals, raising the following three assignments of error for review.

Assignment of Error One

The trial court committed plain error by imposing consecutive terms of incarceration.

Assignment of Error Two

The trial court erred by failing to grant [Paster's] motion for judgment of acquittal pursuant to [Crim.R. 29(A)] on each count of the indictment.

Assignment of Error Three

The trial court erred by permitting the introduction of business records of Craigslist, Facebook, and telephone records without the legally required [authentication] of these records.

Sentence

**{¶9}** This court has addressed the standard of review used by appellate courts when reviewing challenges to the imposition of consecutive sentences in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.). In *Venes*, we held that the standard of

---

[2]The trial court did not impose a sentence on Count 5 at the sentencing hearing or in the corresponding docket entry.

review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid.  We stated:

> In [*Kalish*], the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional.  A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional.  Instead, the plurality set forth the following method of reviewing criminal sentences:  (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion.  *Id.* at ¶ 14-19.
>
> *Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era.  *See*, *e.g.*, *State v. Martinez*, 8th Dist. [Cuyahoga] No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.
>
> The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4).  By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified.  With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case.  Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

{¶10} R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

**{¶11}** R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

**{¶12}** "In making these findings, a trial court is not required to use 'talismanic words,' however, it must be clear from the record that the trial court actually made the findings required by statute." *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, citing *Venes* at ¶ 14, 17; *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10.

**{¶13}** Paster contends that the trial court's discussion was insufficient to satisfy the findings under R.C. 2929.14(C)(4) when it imposed his sentence. While we acknowledge that the trial court gave thorough consideration to the presentence investigation report, letters from Paster's ex-wife, girlfriend, and various family members, and the contents of Paster's texts, we agree with Paster that the trial court must make separate and distinct findings when it imposes consecutive sentences. *See Venes* at ¶ 17.

**{¶14}** A review of the record in the instant case does not reflect that the trial court conducted the appropriate analysis required under R.C. 2929.14(C) in sentencing Paster to consecutive terms. The trial court made no reference or mention of the findings necessary to support consecutive sentences. The term "consecutive" was not discussed by the trial court until the court imposed the sentence. Therefore, the trial court erred in imposing consecutive sentences without making the requisite findings.

**{¶15}** Accordingly, the first assignment of error is sustained.

Sufficiency of the Evidence

**{¶16}** In the second assignment of error, Paster challenges his convictions, arguing that there was insufficient evidence to sustain them.

**{¶17}** The Ohio Supreme Court in *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, explained the standard for sufficiency of the evidence as follows:

> Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

Importuning

{¶18} Paster first challenges his importuning convictions in violation of R.C. 2907.07(D)(2), which provides that:

> No person shall solicit another by means of a telecommunications device * * * to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

{¶19} Paster claims the evidence does not demonstrate that he solicited sexual activity from a minor female.   We disagree.

{¶20} In the instant case, the record demonstrates that Paster, who was 37 years old at the time, sent multiple sexually explicit text messages to Bentley.   Holmes, posing as Bentley, texted Paster on two occasions that she was 15 years old, texted him that he was twice her age, and made references that she was a virgin.   Holmes testified that she "received several text messages as to what [Paster] wanted to do, how [he] wanted to engage in sexual activity with a 15-year-old."

{¶21} When reviewing this evidence in a light most favorable to the state, we find sufficient evidence to sustain his importuning convictions.

<u>Attempted Unlawful Sexual Conduct with a Minor</u>

**{¶22}** Paster next challenges his attempted unlawful sexual conduct with a minor conviction, in violation of R.C. 2923.02(A) and 2907.04(A), which provide that:

> No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

> No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

**{¶23}** Paster argues that his act of driving to the video store in Parma is insufficient to demonstrate a "substantial step" to complete the offense of attempted unlawful sexual conduct with a minor.

**{¶24}** In *State v. Schaefer*, 155 Ohio App.3d 448, 2003-Ohio-6538, 801 N.E.2d 872, ¶ 14 (2d Dist.), the Second Appellate District held that the defendant's act of driving to meet a person who he believed was a 14-year-old girl he had solicited over the internet for the purpose of engaging in sexual activity was a substantial step in the commission of the offense of unlawful sexual conduct with a minor, and that the act of driving to the arranged meeting spot on the date and time planned was strongly corroborative of his criminal purpose. *See also State v. Tarbay*, 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979 (1st Dist.); *State v. Bonness*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, *discretionary appeal not allowed*, 132 Ohio St.3d 1482, 2012-Ohio-3334, 971 N.E.2d 960.

{¶25} Likewise, in the instant case, Paster's act of driving to the video store, the arranged meeting place, on the date that he had agreed to meet Bentley for the purpose of engaging in the sexual activity that they had discussed in text messages is corroborative of Paster's specific intent to engage in sexual activity with a minor, and it thereby constituted a substantial step in committing the offense of unlawful sexual conduct with a minor.

{¶26} Accordingly, we find sufficient evidence to sustain Paster's attempted unlawful sexual conduct with a minor conviction.

Possession of Criminal Tools

{¶27} Lastly, within this assigned error, Paster argues that there was insufficient evidence to sustain his possession of criminal tools conviction in violation of R.C. 2923.24(A). A review of the trial docket, however, reveals that the trial court found Paster "not guilty of possessing criminal tools [R.C.] 2923.24(A) with forfeiture specification(s) (2941.1417) as charged in Count(s) 5 of the indictment." Furthermore, the trial court's sentencing entry only contains a sentence for Counts 1 and 4. It is well settled that a court speaks through its journal entries. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, citing *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 2000-Ohio-381, 727 N.E.2d 907.

{¶28} The journal entries in the instant case state that Paster was found not guilty of possession of criminal tools. A review of the record reveals that the state did not object to the "not guilty" finding at the trial court, nor did the state file a cross-appeal

with this court, challenging the "not guilty" finding. Therefore, Paster's sufficiency argument regarding possession of criminal tools is moot.

{¶29} Accordingly, the second assignment of error is overruled.

Authentication of Records

{¶30} In the third assignment of error, Paster argues the trial court erred by permitting the introduction of the craigslist ad, Facebook account printouts, and cell phone records. He contends that these records are business records that were not properly authenticated before they were admitted into evidence.

{¶31} We note that "'[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court.'" *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 10, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 86520, 2006-Ohio-1949.

{¶32} Evid.R. 901 governs authentication and provides a liberal standard for the authentication of telephone calls. *Pruitt* at ¶ 11, citing *State v. Teague*, 8th Dist. Cuyahoga No. 90801, 2009-Ohio-129. Under Evid.R. 901(A), the requirement of authentication for evidence to be admissible "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This court has stated:

> Circumstantial evidence, as well as direct, may be used to show authenticity. Moreover, the threshold standard for authenticating evidence pursuant to Evid.R. 901(A) is low, and "does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be."

(Citations omitted.) *Pruitt* at ¶ 11, quoting *Teague*.

{¶33} In the instant case, all of the documents were authenticated by direct testimony of the individuals who generated them. Holmes testified that she printed the craigslist ad and the Facebook accounts. Holmes also identified her own cell phone records between herself and Paster. Rice testified that he generated a list of text messages after analyzing Paster's cell phone. Based on this direct testimony, we find that the trial court did not abuse its discretion in admitting these documents into evidence.

{¶34} Therefore, the third assignment of error is overruled.

{¶35} Accordingly, we affirm Paster's convictions, reverse his sentence, and remand for a resentencing hearing.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTS (SEE SEPARATE OPINION)

FRANK D. CELEBREZZE, JR., P.J., DISSENTING:

**{¶36}** I concur with the majority's affirmance of appellant's convictions, but respectfully dissent from its position that the trial court did not conduct the appropriate analysis required under R.C. 2929.14(C).

**{¶37}** As stated by the majority, R.C. 2929.14(C)(4) requires the trial court to find that a consecutive sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c), which are as follows: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶38}** In the case at hand, the trial court stated the following with respect to imposing consecutive sentences:

> This court is running counts 1 and 2 [3] consecutive because of the seriousness of this crime, because to do otherwise would demean the

---

[3]The trial court subsequently corrected its statement that it was running

seriousness of this offense, and because this court finds that the public does need to be protected from you.

* * *

We will run them consecutive because one sentence alone would not protect the public from this behavior and the seriousness would be seriously demeaned otherwise.

**{¶39}** In my view, the trial court's statements satisfied the mandates of R.C. 2929.14(C)(4). Although the trial court did not use the term "disproportionate," it emphasized (1) the need to protect the public from future crime, (2) that a consecutive term was necessary give the seriousness of appellant's conduct, and (3) that a single prison term would not adequately reflect the seriousness of appellant's conduct. I believe these findings are all that the statute requires.

**{¶40}** Accordingly, I would overrule appellant's first assignment of error and affirm his sentence.

---

Counts 1 and 2 consecutively and clarified that because Counts 1 and 2 were allied offenses, the court was running Counts 1 and 4 consecutively.